IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-140 (MTT) |
| OFFICER MATTHEWS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part Defendants' motion for summary judgment (Doc. 66), so that the Plaintiff be permitted to pursue his Eighth Amendment deliberate indifference claims against Defendants Coffee and Logan, but not his Eighth Amendment claims of excessive force and deliberate indifference against Defendant Matthews. Doc. 85. The Magistrate Judge also recommends denying summary judgment on grounds of qualified immunity as to Defendants Coffee and Logan. *Id*. The Plaintiff has objected to the Recommendation as to Defendant Matthews. Doc. 89. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Plaintiff's objections and made a de novo determination of the portions of the Recommendation to which he objects. Because Defendants have not objected, pursuant to 28 U.S.C. § 636(b)(1)(A), the Court reviews the Recommendation as to Coffee and Logan for clear error. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## I. DISCUSSION

### A. Defendant Matthews

*1. Excessive Force*

In his objection, plaintiff argues that summary judgment should not be granted as to defendant Matthews regarding his excessive force claim.  Doc. 89 at 3.  Because it is undisputed that defendant Matthews used the chemical spray upon plaintiff in a good faith effort to quell an altercation between plaintiff and another inmate, and not "maliciously and sadistically for the very purpose of causing harm," the Court **ADOPTS** the Magistrate Judge's Recommendation granting summary judgment to defendant Matthews regarding plaintiff's excessive force claim.  *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986); Doc. 85 at 5-7.

*2. Deliberate Indifference*

Plaintiff also asserts that summary judgment should not be granted as to defendant Matthews regarding plaintiff's deliberate indifference claim because Matthews "became aware of the substantial risk of serious harm to the plaintiff upon observing the plaintiff being assaulted and stabbed several times th[e]n abandoning the dormitory and prohibiting other officers from entering[.]"  Doc. 89 at 2.  Importantly, it is unclear how long defendant Matthews stood in front of the door.  Plaintiff stated in his objection that the "attack occurred upon [him] for at least 15 [to] 20 minutes[.]"  Doc. 89 at 2.  However, when asked during his deposition about the duration of the fight, plaintiff stated "I don't know.  I can't say.  That would be making an inaccurate assessment."  Doc. 66-3 at 22: 15-16.  Although plaintiff seems to think that Matthews participated in defendants Coffee and Logan's alleged scheme to incite inmates to attack him, no

evidence supports that.  Because there is no evidence that defendant Matthews' conduct in standing in front of the door was anything other than a good faith effort to quell the altercation, the Court **ADOPTS** the Magistrate Judge's Recommendation granting summary judgment to defendant Matthews regarding plaintiff's deliberate indifference claim.  Doc. 85 at 7-9.

**B. Defendants Coffee and Logan**

This Court adopts the Magistrate Judge's findings that defendants Coffee and Logan are not entitled to qualified immunity and that a reasonable jury could find they acted with deliberate indifference.  Doc. 85 at 9-12.  Specifically, the Magistrate Judge's denial of summary judgment on grounds of qualified immunity based on clearly established law from *Glover v. Alabama Dept. of Corrections*, 734 F.2d 691 (11th Cir. 2018) was not clearly erroneous.  Doc. 85 at 12.

In *Glover*, the Eleventh Circuit affirmed that a prison guard's offering of cigarettes to a group of inmates in exchange for another inmate's life was a violation of the inmate's constitutional rights.  734 F.2d at 694.  As the Magistrate Judge noted, *Glover* has been read to clearly establish that prison officials can commit constitutional violations when they incite inmates to harm other inmates.  *Id*.  In addition, the Eleventh Circuit, in an unreported decision, *Martinez v. Mathis*, No. 97-8363 (11th Cir. Sept. 24, 1998), confirmed *Glover* stood for the proposition "that a prison official's statement which encourages the attack on an inmate violates constitutional laws."  *Id*. at 6.  Moreover, there is no meaningful difference between the alleged conduct here— encouraging violent attacks on an inmate—and actionable conduct in an excessive force claim.  *See Robinson v. Sauls*, 2022 WL 3754543 (11th Cir. 2022).  In both

situations, the officer is using or directing the use of force that is not objectively reasonable. See Id. And it is clearly established that such conduct violates the Constitution. Glover, 734 F.2d at 694. Therefore, the Court **ADOPTS** the Magistrate Judge's Recommendation denying summary judgment to defendants Coffee and Logan. Doc. 85 at 12.

## II. CONCLUSION

For the foregoing reasons, the Recommendation is **ADOPTED** and made the order of the Court. Accordingly, the Defendants' motion for summary judgment (Doc. 66) is **GRANTED in part** as to Defendant Matthews and **DENIED in part** as to Defendants Coffee and Logan, so that the Plaintiff is permitted to pursue his Eighth Amendment claims for deliberate indifference against Defendants Coffee and Logan.

**SO ORDERED**, this 7th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT